**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**JAMES P. HUSSEY d/b/a James P. Hussey & Associates,**

Plaintiff,

v.

**TANYA CREATIONS, INC., a Corporation Under the Laws of Rhode Island,**

Defendant.

Civil No. 01-323 (MJD/JGL)

**O R D E R**

APPEARANCES

Robert Bruno, Esq., for Plaintiff.

David Nightingale, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 15, 2001 on Plaintiff's Motion to Compel Discovery and Impose Sanctions (Doc No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This lawsuit arises from a contract dispute involving sales commissions. Defendant paid Plaintiff all commissions up to his termination date. However, Defendant did not give Plaintiff prior notice of his termination.

FILED NOV 2 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff asserts that under Minnesota law he was entitled to a six month notice of termination and, therefore, was also entitled to his commissions for the six month period beginning the date of termination. Plaintiff further asserts that a penalty clause in the contract entitles him to damages in the amount of twice his actual commissions.

In the instant motion, Plaintiff seeks answers to document requests and interrogatories. Plaintiff also seeks sanctions for Defendant's failure to attend a settlement conference and failure to file the required brief in conjunction with that conference. In addition, Plaintiff requests his cost and fees associated with the instant motion.[1]

## II. DISCUSSION

The Court has found it difficult to discern the facts of this case as they pertain to the discovery requests at issue. The parties have vastly different versions of the communications and agreements that have transpired up to this

---

[1]At the motion hearing, Plaintiff asserted that, under the local rules, Defendant's response to Plaintiff's motion was untimely. The Court assumes Plaintiff seeks relief on this basis also.

While the Court does not encourage disregard for our local rules, in the instant case it is appropriate to consider Defendant's motion papers and arguments notwithstanding the fact that the response untimely filed. See D. Minn. L.R. 7.1(d).

date.[2] However, at the motion hearing, the discovery disputes fell into two categories: (1) unanswered interrogatories, and (2) unanswered document requests.

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). The information sought need only be "relevant to the claim or defense of any party" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

**A. Plaintiff's Interrogatories**

On February 12, 2001, Plaintiff served Defendant with, among other things, interrogatories. It is unclear to the Court whether Defendant

---

[2]On November 19, 2001, the Court received affidavits from Defendant concerning whether or not certain phone calls had been received from Plaintiff. Plaintiff telephoned the Court offering to submit his own documentation to rebut Defendant's assertions.

It is inappropriate to submit reply briefs without leave of the Court. See D. Minn. L.R. 7.1(a) (containing no provision for reply briefs regarding nondispositive motions). Accordingly, the Court will not consider this new information when addressing the instant motions. The Court is convinced that the parties have very different versions of the facts as they relate to communications, alleged communications, and alleged agreements between the parties. The Court is satisfied that both parties hold their beliefs in good faith, and finds that for the purposes of the instant motion there is nothing to be gained by re-arguing these issues.

provided answers to these interrogatories. On September 10, 2001, Plaintiff served Defendant with Plaintiff's Interrogatories (Set II) ("Set II"). Defendant has failed to respond to these interrogatories. Defendant does not assert any objections to these interrogatories and concedes that it has not answered them.

Defendant asserts that it did not provide written answers to Set II because it sent a statement to Plaintiff outlining its account of what discovery was still "due and owing." Apparently, this statement did not include the interrogatories at issue. According to Defendant, Plaintiff did not challenge this account and therefore Defendant assumed it was not necessary to answer the Set II interrogatories. However, Defendant stated at the motion hearing that it was willing to answer all outstanding interrogatories. Accordingly, Defendant is ordered to fully respond to any outstanding interrogatories within thirty days. See Fed. R. Civ. P. 33(b).

### B. Plaintiff's Document Requests

Plaintiff served Defendant with two separate documents requests: one set on February 12, 2001, and one set on September 10, 2001. In addition, Plaintiff asserts that at a September 28, 2001 meeting Defendant agreed to produce additional documents which have not yet been produced, namely, documentation regarding how Defendant arrived at its "chargback" and commission figures.

**1. Plaintiff's February 12, 2001 Document Request**

Plaintiff's February 12, 2001 document request seeks the following: "All documents containing information concerning the amount of purchase orders for the sale of defendant's products between April 7, 2000 and October 9, 2000, to each of the following: A. Target Corporation; . . . including, but not limited to all such purchase orders, all sales reports containing any of such information, invoices, statements, or memoranda containing such information." (Pl. Mem. at 3) (ellipses in original). Plaintiff asserts that Defendant's responses to this request are deficient insofar as Defendant has only produced a partial ledger through August 2000 and a list of sales and invoices for the period between April 7, 2000 and October 7, 2000. Plaintiff argues that he needs the complete general ledger for 2000 Target purchases and documents that account for Target's invoice payments before he can schedule depositions.

Defendant does not raise any objections to this document request. Rather, in its motion papers, Defendant argued that based on its conversations with Plaintiff's Counsel, Defendant was under the impression that Plaintiff had all the responsive information it required from Target Corporation. That, asserted Defendant, is why it why it did not provide the requested information. However, at the motion hearing Defendant seemed to be arguing that it has provided all information responsive to this document request.

The Federal Rules of Civil Procedure state that absent a court order or agreement of the parties, a party upon whom document requests have been served must respond within thirty days. See Fed. R. Civ. P. 34(b). A party may not avoid this duty by passing "its obligation to respond to anther." In re Control Data Corp. Securities Litig., No. 3-85-1241, 1988 WL 92085, at * 6 (D. Minn. Feb. 22, 1988). Rather, the served party must provide every requested document in its possession, whether or not the documents are also produced by another source. See id. (citations omitted).

First, the Court finds Defendant's argument that Plaintiff has sufficient information from Target unavailing. In his motion papers, Plaintiff delineates the ways in which the information provided by Defendant is deficient. If Defendant did not know Plaintiff sought more documentation prior to this motion, he knows it now. Second, even if Target had provided responsive documents, that fact would not absolve Defendant of its duty to comply with its discovery obligations. See id.

Therefore, Defendant is ordered to fully respond to Plaintiff's February 12, 2001 document requests. If Defendant does not have the requested information, he must provide a proper answer to that effect. See Fed. R. Civ. P. 34(b). However, if Defendant has any responsive documents, it must produce those documents to Plaintiff, whether or not Defendant feels it is duplicative of information already in Plaintiff's possession.

**2. Plaintiff's September 10, 2001 Document Request and Document Request Regarding Agreement Reached at September 28, 2001 Meeting**

Plaintiff's September 10, 2001 document request seeks "an accounting of the calculations that comprised [Defendant's] previous commission checks in order to determine which chargebacks have already been deducted." (Pl. Mem. at 4.) Defendant has failed to respond to this document request. At the motion hearing, Defendant asserted that it had previously provided all information responsive to this request.

Plaintiff also argues that at a September 28, 2001 meeting Defendant agreed to provide additional documents. Those document have not yet been produced. Specifically, Plaintiff seeks documentation related to how Defendant arrived at its chargback and commission figures. Plaintiff asserts that Defendant only provided a net figure, not any information regarding how it arrived at that figure. Plaintiff asserts that the documentation provided does not reflect whether or not chargebacks and proration were already reflected in Plaintiff's commission checks. Defendant responds that it has provided Plaintiff with all responsive documents in its control.

Short of sanctioning "a recalcitrant party" for failing to honor discovery obligations, courts have no way to test the veracity of a party's claim that it has fully complied with the rules and courts must, therefore, accept representations that parties have complied. See Onwuka v. Federal Express

Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted); Marvin Lumber v. PPG Indus., Inc., 168 F.R.D. 641, 643 n.1 (D. Minn. 1996). Therefore, the Court and Plaintiff must accept Defendant's assertion that it has complied with its discovery obligations and does not have any more documents responsive to Plaintiff's requests. However, Defendant must provide such an answer under oath in a proper response to Plaintiff's document requests. Ignoring such requests is inappropriate and contrary to the spirit of our discovery rules.

### C. Plaintiff's Request for an Extension of Discovery Period and Dispositive Motion Period

Plaintiff seeks a sixty day extension of the discovery deadline and the dispositive motion deadline. Defendant argues that there is no basis for such an extension. The Court disagrees.

Pretrial schedules may only be modified upon a showing of good cause and by leave of the court. See Fed. R. Civ. P. 16(b)(6). In this case, discovery has been stalled for weeks. From what the Court can deduce, discovery gets to a certain point and stops, mostly as a result of the poor communication between the parties. It is the Court's hope that its orders to compel interrogatory answers and to provide answers to document requests will help move the process along. However, inasmuch as the discovery deadline has passed and the trial ready date is just over two months away, the Court finds that good cause exists to extend the remaining pretrial schedule deadlines.

Accordingly, the pretrial schedule will be amended in the following ways: the discovery deadline, nondispositive motion deadline, dispositive motion deadline, and trial ready date will all be extended sixty days.

### D. **<u>Plaintiff's and Defendant's Requests for Sanctions, Costs, and Fees</u>**

Plaintiff seeks sanctions and attorney's fees for Defendant's conduct in two instances. First, Plaintiff seeks sanctions for Defendant's failure to attend a September 7, 2001 settlement conference and failure to file the required brief in conjunction with that conference. Second, Plaintiff seeks attorney's fees associated with the instant motion.

Defendant responds that its failure to attend the settlement conference was due to Defense Counsel's mistake regarding the date of the conference. Defendant argues that since no malice was involved in this oversight, sanctions are inappropriate. In addition, Defendant argues that it should be awarded its costs and fees associated with defending the instant "frivolous" motions.

Rule 16 gives the Court authority to schedule settlement conferences. <u>See</u> Fed. R. Civ. P. 16(a)(5), (b)(7). Rule 16 also gives the Court authority to "make such orders as are just" when a party fails to comply with orders regarding settlement conferences or fails to attend settlement conferences. Fed. R. Civ. P. 16(f).

In this case, Defense Counsel takes responsibility for failing to have his client in attendance at the September 7, 2001 Settlement Conference. (Letter from David Nightingale to Mag. Judge Lebedoff, Sept. 26, 2001.) Counsel asserts that just prior to the conference date, he was on vacation and that his office was being renovated. The Court finds Counsel's excuses only mildly compelling. While it is true that mistakes happen, it is also true that Counsel had notice of the settlement conference in April, 2001 (Doc. No. 7.), which gave Counsel ample time to arrange for his client's presence at the conference and to draft the required brief. The brief could then have been filed at the appropriate time, whether or not Counsel was on vacation. Vacations and office renovations may be facts of life, but they do not provide excuses for failing to comply with court orders.

Plaintiff seeks $1200.00 in sanctions. Plaintiff does not provide an itemized billing, but states that $1200.00 is the prevailing rate in this community. The Court finds $500.00 a reasonable amount for sanctions in this case. Therefore, Plaintiff is awarded sanctions in the amount of $500.00 for Defendant's failure to attend a settlement conference and failure to file the required brief in conjunction with that conference. Plaintiff's motion for costs and fees associated with the instant motion is denied. Defendant's motion for costs and fees associated with the instant motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel Discovery and For Sanctions (Doc. No. 19) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendant must respond to all outstanding interrogatories and document requests by December 20, 2001;

(3) The Pretrial Scheduling Order (Doc. No. 6) is amended in the following ways: Discovery Deadline is January 1, 2002; Nondispositive Motion Deadline is January 1, 2002; Dispositive Motion Deadline is April 1, 2002; and the Trial Ready Date is April 1, 2002;

(4) Plaintiff is awarded sanctions in the amount of $500.00; and

(5) Defendant must pay sanctions by December 20, 2001.

Dated: November 20, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge